UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


N. JEAN NESBITT,

        Plaintiff,                                Case No. 1:05-cv-507
                                                          Hon. Hugh Brenneman, Jr.

v

CITY OF BENTON HARBOR,

        Defendant,
_____/

**ORDER OF DISMISSAL**

        This matter is now before the court on defendant's motion to dismiss and for summary judgment (docket no. 31) and plaintiff's cross-motion for summary judgment (docket no. 37). For the reasons stated below, these motions are DENIED as moot.

        Plaintiff is the former City Clerk of defendant City of Benton Harbor. After defendant terminated plaintiff's employment, she filed a seven-count complaint against the city, which included claims brought pursuant to both federal and state law. At plaintiff's request, with the defense concurring, the court dismissed Counts I, II, III, IV, V and VII at the hearing held June 13, 2006.

        Plaintiff's sole remaining claim, Count VI, seeks a judgment against defendant for legal fees, costs and expenses. Plaintiff incurred these legal expenses when she defended herself in a quo warranto action filed by the Berrien County Prosecutor. Plaintiff contends that the city should reimburse her because the city charter required the city attorney to defend her in the quo warranto action. *See* plaintiff's cross-motion for summary judgment and supporting brief (docket nos. 37, 38).

When this action was initially filed in this court, the court exercised supplemental jurisdiction over Count VI pursuant to 28 U.S.C. § 1367(a), which provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy." Because the court has now dismissed plaintiff's federal claims, it must determine whether to continue to exercise supplemental jurisdiction pursuant to § 1367.  *See Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 892-893 (6th Cir. 1998), <u>and</u> 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction").  *See also* § 1367(c)(1) (a district court may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of state law).

As a general rule "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."  *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996).  Here, plaintiff has voluntarily dismissed her federal claims. Plaintiff's remaining state claim seeking reimbursement of legal expenses involves raises a number of issues with respect to the duties of the city attorney, the city commission and the city clerk as set forth in the Benton Harbor City Charter and Michigan municipal law.  The state court is clearly the most appropriate forum for plaintiff to litigate this question of local governmental administration.

Accordingly, plaintiff's remaining state law claim alleged in Count VI is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *See* 28 U.S.C. § 1367(d); *Jinks v Richland County,* 538 U.S. 456, 465-7 (2003).

2

**IT IS SO ORDERED.**

Dated:  June 16, 2006                    /s/ Hugh W. Brenneman, Jr.
                                         Hugh W. Brenneman, Jr.
                                         United States Magistrate Judge

3